IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER RICE, | : | CIVIL ACTION NO. **3:CV-08-1706** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE ASSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On August 20, 2008, Plaintiff, Walter Rice, filed a two-count Complaint against Defendant Allstate Insurance Company("Allstate") in the Court of Common Pleas of Lackawanna County, Pennsylvania. Plaintiff essentially claims (Count I) that Defendant Allstate breached his automobile insurance policy by failing to pay his claim and to pay him the benefits he was owed under his policy, namely $16,428.60 (the balance of Plaintiff's loan on his vehicle) plus interest and penalties, regarding the December 14, 2007 theft and fire loss of his 2006 Mitsubishi Outlander vehicle. Plaintiff also asserts a bad faith claim pursuant to 42 Pa. C.S.A. § 8371 in Count II. (Doc. 1, Ex. A). Defendant Allstate was served with the Complaint on August 20, 2008. (Doc. 1, ¶ 3.). On September 22, 2008, Defendant filed an Answer to the Complaint with Affirmative Defenses. (Doc. 4). Defendant attached a copy of Plaintiff's automobile insurance policy to its Answer. (Doc. 4-2). Defendant admits that at the time of the alleged December 14, 2007 theft and fire of Plaintiff's 2006 Mitsubishi Outlander vehicle, Plaintiff was the named insured under an Allstate Fire &

Casualty Insurance Company Auto Policy.  (Doc. 4, ¶ 4.).[1]

On September 15, 2008, Defendant filed a timely Notice of Removal of this case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332[2] and 28 U.S.C. § 1441.[3] (Doc.

---

[1] As Defendant avers in its Answer to the Complaint, Plaintiff has named the incorrect company as Defendant since the insurance policy attached to Defendant's Answer clearly shows that Plaintiff's insurer was Allstate Fire & Casualty Insurance Company and not Allstate Insurance Company.  (Doc. 4, ¶ 4. and Ex. A).  Thus, Allstate Fire & Casualty Insurance Company should be substituted as the proper party Defendant in place of Allstate Insurance Company.  In any event, we refer to Defendant herein as "Allstate."  By separate Order, we will direct the Clerk of Court to substitute Allstate Fire & Casualty Insurance Company as party Defendant in place of Allstate Insurance Company.

[2] 28 U.S.C. § 1332(a) gives the District Court diversity jurisdiction where the matter in controversy exceeds $75,000, exclusive of interest and costs.

[3] According to the Complaint, the Plaintiff is a Pennsylvania resident and Allstate is an Illinois company and has its principal place of business in Northbrook, IL. (Doc. 1, Ex. A  ¶'s 1.-2.).  As stated above, the Plaintiff seeks damages in Count I, Breach of Contract Claim, in the amount of $16,428.60 (the balance of Plaintiff 's loan on the vehicle) plus interest and penalties.  In Count II, Pennsylvania Bad Faith Claim, Plaintiff generally requests damages in excess of $50,000.00 plus compensatory damages, punitive damages, interest, costs, and  attorney's fees. (Doc. 1, Ex. A, attached Complaint, p. 7).

 We note that in a bad faith insurance case, punitive damages are available under Pennsylvania law.  In *Estate of Aptekman v. City of Phila.*, 2001 WL 1486350 * 4 (E.D. Pa. 2001), the Court stated as follows with respect to punitive damages under Pennsylvania law:

> "In Pennsylvania, punitive damages are properly awarded for a defendant's "outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others."  *Medvecz v. Choi*, 569 F.2d 1221, 1226 (3d Cir. 1977); *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355, 358 (Pa. 1963)."

1, pp. 9-10).[4]  As mentioned, Plaintiff's allegations all relate to the Defendant's denial of his claim for damages to his vehicle after its theft and fire.

On October 2, 2008, Plaintiff filed a Motion to Remand this case to Lackawanna County Court of Common Pleas pursuant to 28 U.S.C. § 1447 **(Doc. 6)** alleging that the amount in controversy does not exceed $75,000. Plaintiff's Motion has been briefed by the parties and is ripe for disposition.  (Docs. 9 and 11).[5]

**II. Motion to Remand Standard.**

As the Court recently stated in *Dunfee v. Allstate Ins. Co.*, 2008 WL 2579799, *2 (E.D. Pa.):

> "A civil action may be properly removed from state court to the federal
> district court if the district court has jurisdiction.  28 U.S.C. § 1441(a).
> Federal district courts have jurisdiction over cases where there exists
> complete diversity between citizens of different states and where the
> amount in controversy exceeds the sum or value of $75,000.
> 28 U.S.C. § 1332(a).  If the district court lacks subject matter jurisdiction,
> the case must be remanded.  28 U.S.C. § 1447(c).  Thus, in order to
> succeed, a motion for remand must illustrate that federal jurisdiction
> does not exist."[6]

---

[4] Defendant attached a copy of Plaintiff's Complaint as Ex. A to its Notice of Removal. (Doc. 1).   As stated, attached to Defendant 's Answer to the Complaint as Ex. A is a copy of Plaintiff's Allstate policy.  (Doc. 4).

[5] We have been assigned this case for pre-trial matters.  The parties have not yet been given the opportunity to determine if they consent to proceed before the undersigned pursuant to 28 U.S.C. § 636(c).   We also note that the case management conference which was scheduled for October 15, 2008 was continued until Plaintiff's Motion to Remand was decided by the Court. (Doc. 8).  Further, we are not aware of any discover in this case to date.

[6] Defendant attached a copy of the *Dunfee* decision to its opposition Brief, Doc. 11-2.

**III. Discussion.**

The parties do not dispute that diversity of citizenship exists. However, Plaintiff contends that the requisite amount in controversy has not been met, and Defendant contends that it has. Defendant states that it "does not appear to a legal certainty that the amount in controversy ... falls below the applicable jurisdictional amount of $75,000.00." (Doc. 1, ¶ 22.). Plaintiff argues that Defendant's Notice of Removal "is fatally defective because it [Defendant] has failed to produce evidence that the amount in controversy is in excess of the jurisdictional threshold of $75,000.00." (Doc. 9, p. 2). Further, since the Complaint does not make a demand for an exact monetary amount with respect to Count II, "the court must make an independent appraisal of the claim and 'after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated.'" *The Bachman Co. v. MacDonald*, 173 F. Supp.2d 318, 323 (E.D. Pa. 2001) (citations omitted). The Court's appraisal must include the reasonable value of potential compensatory and punitive damages. *Id.*[7]

There is no dispute that the automobile insurance policy which Plaintiff purchased from Allstate entitled him to benefits related to direct and accidental fire loss as well as direct and

---

[7]Pursuant to *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 574-575, 50 (1996), in considering if a punitive damages award is excessive, one factor is the ratio of such award to the amount of harm (or potential harm) plaintiff suffered. The Court must consider the "disparity between the harm or the potential harm suffered . . . and [the] punitive damages award." *Id.* at 574-575. The Supreme Court indicated in *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 404, 123 S.Ct. 1513, 1524 (2003), that "few awards exceeding a single-digit ratio will satisfy due process." *Willow Inn, Inc. v. Pub. Ser. Mut. Ins. Co.*, 2003 WL 21321370 (E.D. Pa.) *3. Further, the *Campbell* Court stressed that "the 'potential harm' to plaintiff was relevant in determining whether an award of punitive damages is excessive." *Id.* at n. 3 (*citing Campbell*, 123 S.Ct. at 1520).

accidental theft loss to his 2006 Mitsubishi. (Doc. 4, ¶ 5.). At issue is whether Defendant properly denied Plaintiff's claim.

The *Dunfee* Court stated, "[f]or purposes of removal of a case, the amount in controversy is generally decided from the face of the complaint. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). The burden of establishing federal jurisdiction rests with the party attempting to invoke jurisdiction in a removal case. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *See also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)." 2008 WL 2579799, *3.

In addressing the merits of Plaintiff's Motion, we are compelled to discuss whether federal jurisdictional requirements have been met. The Court in *James v. Electronic Data Systems Corp.*, 1998 WL 404817 * 2 (E.D. Pa.), stated:

> In order to remove a case from state court to the district court, federal jurisdictional requirements must be met. *Medlin v. Boeing Vertol Co.,*, 620 F.2d 957, 960 (3d Cir. 1980). It is the responsibility of the district court to inquire, *sua sponte*, into the question of subject matter jurisdiction. *Id*. The district court has removal jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests. [FN5] 28 U.S.C. §§ 1332 and 1441 (1994).
>
>> FN5. 28 U.S.C. § 1332(a) provides in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - - (1) citizens of different states . . . ."

In the present case, diversity is not questioned. Rather, at issue is the damages amount alleged in the Complaint and whether it meets the $75,000 jurisdictional threshold. We find that

it does.

The Court in *The Bachman Co.,* 173 F. Supp. 2d at 322, stated as follows:

> In general, a party is able to remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction to hear the matter. *Lumbermans Mut. Cas. Co. v. Fishman*, No. 99-0929, 1999 WL 744016, at *1 (E.D. Pa. Sept. 22, 1999) (citing 28 U.S.C. § 1441(b) (1999); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991)).  Once the case has been removed, however, "the federal court may remand if there has been a procedural defect in removal." *Kimmel v. DeGasperi*, No. 00-143, 2000 WL 420639, at * 1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c) (West 1994)).  Remand is mandatory if the court determines that it lacks federal subject matter jurisdiction. *Id.* (citing 28 U.S.C. § 1447(c) (West 1994)).  "When a case is removed from state court, the removing party bears the burden of proving the existence of federal subject matter jurisdiction." *Id.* (citing *Boyer*, 913 F.2d at 111).

"Removal statutes are strictly construed by Courts and all doubts are resolved in favor of remand." *Id*. (Citations omitted).

Both parties agree that the Court should use the legal certainty test annunciated by the Third Circuit in *Samuel-Bassett v. Kia Motors*, 357 F. 3d 392 (3d Cir. 2004).  (Doc. 1, ¶ 22. and Doc. 9, p. 3).[8]  As the *Dunfee* Court stated, to satisfy the legal certainty test which the Third Circuit adopted in *Samuel-Bassett*, "it must be evident to a legal certainty that the Plaintiff cannot recover an amount greater than the [$]75,000 required for diversity jurisdiction." 2008 WL 2579799, *3. Thus, the *Dunfee* Court stated:

---

[8]Defendant contends that Plaintiff has misstated the legal certainty test.  (Doc. 11, p. 5). Regardless, we state the proper legal certainty test.

>"*Samuel-Bassett* held that when relevant facts are not in dispute the District Courts should adhere to the legal certainty test of *Red Cab*. [FN6].
>
>>FN6.  Also, the *Samuel-Bassett* Court recommended that the District Courts adhere to the legal certainty" test cited in such cases as *Merit care Inc. v. St. Paul Mercury Insurance Co.*, 166 F.3d 214, 217 ( 3d Cir. 1993) ("when it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded."); *Packard v. Provident Nat'l Bank*, 994 F.2d 356, 358 (3d Cir. 1985) ("When it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount, the case must be dismissed"); *Bloom v. Barry*, 755 F.2d 345, 358 (3d Cir. 1985) (district court properly applied the legal certainty test announced in *Red Cab*); and *Nelson v. Keefer*, 451 F.2d 289, 293 (3d Cir. 1971) (the test for determining if the plaintiff has claimed the necessary jurisdictional amount in "good faith" is that it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.)"

*Id*. at * 4.

Further, in *Morgan v. Gay*, 471 F. 3d 469 (3d Cir. 2006), the Third Circuit "established three main rules for applying the legal certainty standard in cases where the complaint expressly limits the amount in dispute to less than the jurisdictional minimum." *Id*.   In the instant case, as Plaintiff points out (Doc. 9, p. 3), in Count I, he seeks $16,428.60 plus interest and costs, and in Count II, he seeks damages "in excess of $50,000.00" plus compensatory damages and punitive damages, interest, costs and attorney's fees.  The question arises as to whether our Plaintiff's Complaint expressly limits the amount in dispute to less than $75,000.00.  Based on the above stated relief requested by Plaintiff in his two counts, we agree with Defendant (Doc. 11, p. 7) and find that our Plaintiff's Complaint does not expressly limit the amount in dispute to less than $75,000.00.  Thus, as Defendant indicates (*Id*.), we must apply the *Samuel-Bassett* standard since our Plaintiff did not

7

expressly limit the amount in his Complaint to less than the jurisdictional minimum. *See Frederico v. Home Depot*, 507 F. 3d 188, 196-197 (3d cir. 2007).

Accordingly, in cases such as ours, "the challenger to federal jurisdiction has the burden to prove to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold (*i.e.* the party seeking remand to state court must establish its legally certain that the amount in dispute will not be greater than $75,000). [FN8] Therefore, the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover $75,000. [*Frederico*] *Id.* at 197." *Dunfee*, 2008 WL 2579799, *5.

Plaintiff contends that Defendant has not produced any evidence which shows to a legal certainty that he will recover punitive damages in an amount in excess of $75,000 and that Defendant has not shown that if he prevails on his bad faith claim, he will receive an amount in excess of $75,000. (Doc. 9, p. 4). We agree with Defendant that Plaintiff has misstated the legal certainty test applicable in this case.

Defendant notes that it has the burden to show that jurisdiction is properly vested in this Court. (Doc. 11, p. 4, n. 1). However, as mentioned, under the *Samuel-Bassett* standard, since Plaintiff is seeking to remand his case to state court, he must show "it is legally ceratin that the amount in dispute will not be greater than $75,000." *Dunfee*, 2008 WL 2579799, *5. Defendant argues that at the time of its removal, "it could not be stated to a legal certainty that the amount in controversy through Plaintiff's Complaint fell below the $75,000.00 dollars required under Section 1332." (*Id.*).

"In analyzing whether removal was proper, this Court must first look at the allegations in the Complaint." *Dunfee*, 2008 WL 2579799, *6 (citations omitted).  In *Miller v. Progressive Casualty Ins. Co.*, 2008 WL 1774085, *2 (M.D. Pa.), the Court stated:

> "Where a cause of action is based on diversity jurisdiction, the complaint must allege an amount in controversy between the parties in excess of the statutory minimum." *Golden v. Golden*, 382 F.3d 348, 354 (3d Cir. 2004).  That "amount need not be proven; rather, the amount is judged from the face of the complaint and is generally established by good faith allegation." *Id*.  In calculating the jurisdictional amount, "[c]laims for punitive damages may be aggregated with claims for compensatory damages unless the former are 'patently frivolous and without foundation.'" *Id.* at 355 (quoting *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)).  Such claims "are *per se* 'patently frivolous and without foundation' if they are unavailable as a matter of state substantive law." *Id*.  If a plaintiff has authority under state law to seek punitive damages, however, the claim "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Id*.
>
> As a general matter, however, "the party asserting diversity jurisdiction bears the burden of proof." *McCann v. George Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).  When a complaint does not limit its request to a precise monetary amount, however, we may make an independent appraisal of the value of the rights being litigated to determine whether the amount in controversy is satisfied. *Ciancaglione v. Sutherlin*, No. Civ.A. 04-CV-2249, 2004 WL 2040342 at *2 (E.D. Pa. September 13, 2004).

We concur with Defendant that, based on the face of the removal record, it cannot be stated to a legal certainty that Plaintiff cannot recover more than the jurisdictional amount of $75,000.  Defendant maintains that just looking to Plaintiff's Count II bad faith claim, it is clear that this claim meets the jurisdictional minimum.  (Doc. 11, p. 9).  In his *ad damnum* clause of his Complaint, Plaintiff alleges that Defendant's breach of the insurance contract and its bad faith in

denying his claim caused him to suffer damages in excess of $50,000.00 "together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and further damages allowed by 42 Pa. C.S.A. § 8371."   (Doc. 1, Ex. A, p. 7). In Count I, Plaintiff alleges that he became responsible for the balance on the loan of his 2006 Mitsubishi in the amount of $16,428.60, plus interest and penalties. Plaintiff also alleges financial loss including damage to his credit history.  (*Id.*, pp. 5-6).

Plaintiff alleges that he is entitled to punitive damages as well as attorney's fees in addition to his other claimed damages.  Punitive damages are recoverable in a Pennsylvania bad faith insurance case.  We do not find that Plaintiff's claim for punitive damages is *per se* frivolous, and thus "the court must consider that claim in determining whether the claim meets the jurisdictional minimum." *Miller*, 2008 WL 1774085, *3.  In considering Plaintiff's actual damages claimed along with his bad faith claim seeking compensatory damages, punitive damages, and attorney's fees, we find, in making an independent appraisal of the value of Plaintiff's claims, that the jurisdictional minimum has been met in this case.[9]

Therefore, we will recommend that Plaintiff's Motion to Remand be denied.

---

[9]As the *Dunfee* Court noted:

> "Under 42 Pa.Cons.Stat.Ann. § 8371, in an action arising under n insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) award punitive damages against the insurer; and (3) assess court costs and attorney fees against the insurer." 2008 WL 2579799, * 1, n. 2.

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's Motion to Remand **(Doc. 6)** be denied. It is also recommended that this case be recommitted to the undersigned for further proceedings, including re-scheduling the case management conference.

              **s/ Thomas M. Blewitt**
              **THOMAS M. BLEWITT**
              **United States Magistrate Judge**
**Dated: December 8, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER RICE, | : | CIVIL ACTION NO. **3:CV-08-1706** |
| Plaintiff | : | (Judge Caputo) |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| ALLSTATE ASSURANCE COMPANY, | : | |
| Defendant | : | |

### **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 8, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: December 8, 2008**